Honorable Charles D. Penick Criminal District Attorney Bastrop County 804 Pecan Street Bastrop, Texas 78602
Re: Authority of a commissioners court to promulgate regulations regarding smoking in the county jail, and related questions (RQ-1752)
Dear Mr. Penick:
You advise that the commissioners court is building a new county jail in Bastrop County and "is attempting to make rules concerning not allowing anyone, including inmates incarcerated in the jail, to smoke anywhere in the building."
In connection with the foregoing scenario you ask the following questions:
 1. Does the Commissioner's Court have the authority to regulate whether inmates of the jail may smoke or does this authority lie solely in the discretion of the Sheriff?
 2. Does smoking in a county jail by inmates constitute a hazard to nonsmoking inmates?
3. May smoking by inmates be prohibited in a county jail?
 4. What rules may be dictated to the Sheriff by the Commissioner's Court concerning the operation of the jail? Is their legal authority only to provide the jail and adequate funding to operate it?
 5. What remedy would the Commissioner's Court have against the Sheriff if a broad operational guide line for the operation of the jail was set by the Commissioner's Court and the Sheriff did not abide by the guidelines?
In Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989), the Fifth Circuit rejected a prison inmate's claim that exposure to environmental tobacco smoke violated his Eighth Amendment right to be free from cruel and unusual punishment. However, we do not believe this holding can be construed to vest an inmate or anyone else with a constitutional right to smoke in a jail or a prison. Section 48.01 of the Penal Code makes it an offense to smoke tobacco in public primary and secondary schools, elevators, enclosed theaters or movie-houses, libraries, museums, hospitals, transit system buses, or intrastate buses. Attorney General Opinion JM-737 (1987) concluded that an ordinance by a home-rule city prohibiting smoking in public places was not violative of any state law. Prison officials are not required to meet health and safety standards for persons who are not incarcerated. Sampson v. King, 693 F.2d 566, 569 (5th Cir. 1982). Granting an inmate the right to smoke would be ironic when such privilege is often denied non-incarcerated citizens.
You ask whether the authority to regulate the smoking by inmates is within the province of the commissioners court or the sheriff. Former article 5115, V.T.C.S., required the commissioners court to provide a "safe and suitable jail." Article 5115 was amended by House Bill 1314, Acts 1987, 70th Leg., ch. 883, § 1, effective September 1, 1987, and such amendment was carried forward and given effect as part of section 351.001 of the Local Government Code. The amendment contains detailed provisions defining the responsibilities of the commissioners court in providing "safe and suitable jails." Among the requirements with which the commissioners court is charged is the responsibility of providing the jail with proper sanitation, ventilation, cleanliness, health, adequate security and safety conditions. The question of whether the commissioners court has authority to determine if county jail inmates smoke turns on whether it is necessary to impose such a regulation to comply with the commissioners court's responsibility under section 351.001. The resolution of this question is dependent upon the circumstances existing in a particular county jail and must be resolved on a case-by-case basis. Such a factual determination is not within the province of the opinion process.
Section 351.041 of the Local Government Code (formerly article 5116, V.T.C.S.) designates the sheriff as the "keeper of the county jail" and provides he shall "exercise supervision and control over the jail." In Attorney General Opinion H-1190 (1978) it was stated that under then article 5116 the authority of the commissioners court over the jail is limited to providing the jail adequate funding and broad operational guidelines, and that the actual operation of the jail is the responsibility of the sheriff.
Attorney General Opinion H-1190 stated that under then article 5116 the authority to supervise, direct and control the jail is vested in the office of the sheriff. Whirl v. Kern, 407 F.2d 781
(5th Cir. 1968), addressed the responsibilities of the sheriff as keeper of the jail. In Whirl it was stated "the statutory obligations of a Texas sheriff are not amorphous ones. . . . Article 5116 places the responsibility for the county jail directly upon the county sheriff. . . ." Id. at 794-795. We are of the opinion that the sheriff as "keeper of the county jail" has the discretion to make any reasonable rules relative to supervision of prisoners and the operation of the jail, including whether smoking is allowed in the jail. In the event the sheriff should permit smoking in the jail, the commissioners court may only prohibit same if it falls within its responsibility of providing a "safe and suitable jail" under section 351.001 of the Local Government Code.[1]
We cannot address your second question because it requires the resolution of fact issues. Also, Attorney General Opinions address specific legal questions. We do not provide the type of general legal advice that your fourth and fifth questions call for. Therefore, we do not answer those questions.
 SUMMARY
The sheriff as "keeper of the county jail" has the discretion to make reasonable regulations relative to the supervision of prisoners and operation of the jail, including the authority to determine whether smoking should be allowed in the jail. The county commissioners court may prohibit smoking by inmates in the county jail if it falls within its responsibility to provide a "safe and suitable jail" under section 351.001 of the Local Government Code.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General
[1] Section 351.002 states that the standards prescribed by this subchapter are "minimum standards." Article 5115.1, V.T.C.S., vests the Commission on Jail Standards with authority to promulgate reasonable rules relative to construction and operation of jails, including establishing minimum standards for the custody, care and treatment of prisoners. Section 351.002 provides that the county jail must comply with the minimum standards and the rules and procedures of the Commission on Jail Standards.